UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

COREY CORTEZ ABERNATHY, )
)
Petitioner, )
)
v. ) No. 1:24-CV-352-TAV-CHS
)
STATE OF TENNESSEE, )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner, a prisoner proceeding pro se, filed petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging his two 2012 Hamilton County convictions for

"burglary of an auto" for which he received a two-year sentence [Doc. 2, p. 1]. As the

petition was second or successive, the Court transferred this action to the United States

Court of Appeals for the Sixth Circuit [Doc. 3]. The Sixth Circuit dismissed it for want of

prosecution [Doc. 5].

Now before the Court is Plaintiff's motion for reconsideration of the Court's order

finding that his petition is second or successive [Doc. 6]. In this motion, Petitioner asserts

that because he is no longer in custody pursuant to the judgment(s) at issue in his petition,

the bar on second and successive petitions in the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA") does not apply to his petition, and he therefore requests that the

Court consider the petition and grant him relief [*Id.* at 1].[1] For the reasons set forth below, this motion is **DENIED**.

As the Court noted in its previous order [Doc. 3], Petitioner previously filed an unsuccessful § 2254 petition regarding the same convictions he seeks to challenge in this action. *Abernathy v. Warden Sexton*, 1:18-CV-286 (E.D. Tenn. July 25, 2019). This Court dismissed that prior petition as time-barred [*id.* at Doc. 25 pp. 1–5], which was an adjudication on the merits. *See*, *e.g.*, *Bennett v. Schiebner*, No. 1:23-CV-713, 2023 WL 5155205, at *1 (W.D. Mich. July 17, 2023) ("[A] dismissal [of a § 2254 petition] on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive.") (citations omitted).

Moreover, it is apparent that the claims for § 2254 relief Petitioner seeks to bring in this action [*id.* at 3–8, 10–12] were ripe at the time of he filed his previous § 2254 petition, but Petitioner failed to bring those claims in that petition or did so unsuccessfully. As such, Petitioner's petition for § 2254 relief in this action is second or successive. *In re Hill*, 81 F. 4th 560, 569 (6th Cir. 2023) ("When a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted the first go-around, and the petitioner nevertheless failed to raise the claim, it is 'second or successive.'"). The AEDPA therefore requires Petitioner to have

---

[1] In the motion, Petitioner states that he is no longer in custody [Doc. 6, p. 1]. However, as the envelope containing this motion came from the Hamilton County Jail [*Id.* at 2], it is apparent that Petitioner was in the custody of the Hamilton County Sherriff's Office when he filed the motion. Thus, the Court liberally construes the motion to assert that as Petitioner is no longer in custody pursuant to the judgment(s) at issue in his petition, the AEDPA bar on second and successive habeas corpus petitions does not apply to the petition.

permission from the Sixth Circuit to file that petition. 28 U.S.C. § 2244(b)(3)(A) (providing that before a petitioner may file a second or successive petition for habeas corpus relief, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application").

As set forth above, in his motion requesting that the Court reconsider its decision to transfer this action as second or successive, Petitioner asserts that his apparent release from confinement pursuant to the challenged judgment(s) means that the AEDPA's bar on second or successive petitions does not apply to the petition, and the Court should therefore consider the petition on the merits and grant him relief [Doc. 6, p. 1]. But the Supreme Court has stated that "[a] second-in-time § 2254 petition generally qualifies as a second or successive application, triggering the requirements of § 2244(b), when an earlier filed petition has been decided on the merits and a judgment exists." *Rivers v. Guerrero*, 605 U.S. 443, 459 (2025). This case meets these requirements. And Petitioner cites no case or statute that limits the AEDPA's restriction on the Court's ability to consider second or successive petitions to cases where the habeas corpus petitioner remains in custody pursuant to the challenged judgment(s), nor has the Court located any such case or statute.[2]

_____

[2] Notably, there is a statute providing that a federal court's jurisdiction is limited to habeas corpus petitions that a petitioner files while he is "in custody" pursuant to the challenged judgment. 28 U.S.C. § 2241(c)(3) (federal courts only have jurisdiction to entertain petitions for habeas corpus relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States"); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (providing that "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed" (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968))). Thus, to the extent that Petitioner alleges in his motion that he was not "in custody" pursuant to the challenged judgment(s) when he filed this action, which may very well be the case because the relevant convictions occurred in 2012 and Petitioner only received a two-year sentence for those convictions but did not file this action until 2024 [Doc. 2, p. 1], this would mean that the Court has

3

Moreover, the Court notes that a petitioner's release from custody is not a ground for which an appellate court can grant a district court permission to consider a second or successive habeas corpus petition.  28 U.S.C. § 2255(h) and § 2244(b)(3)(C).

Accordingly, Petitioner's motion for reconsideration [Doc. 6] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

no jurisdiction over the petition at all, *see* 28 U.S.C. § 2241(c)(3) and *Maleng*, 490 U.S. 490–91, not that the Court could consider the merits of the petition.

4